Wardlaw, J.
dissenting. I.think that the magistrate’s Act, and other Acts of 1839 concerning district officers, were intended rather to collect together the regulations concerning the offices to which they severally relate, than to alter the statutory provisions which in many instances they re-enact, and that the 23d sect, of the magistrates Act made no change in the pre-existing law, besides the extension to parol leases of the remedy which before was confined to written ones.
This section must be construed in connection with the Acts of 1812 and 1817, from which it was extracted, so that the whole may form one system. The draftsman of the. section obviously intended to extract from the former Acts so much as. related to magistrates, leaving for the sheriff’s Act what concerned the duty of sheriffs, and' excluding entirely what related only to the parties, landlord and tenant. But some confusion has been produced by the separation and the attempt to condense. It seems to me however very plain that by the words “on the complaint, and due proof thereof, by any lessor,” are meant the complaint and proof of what is set forth in the Act of 1812, to be complained of and proved; that by “to try the facts,” is meant to try the facts .enumerated, in the former statute ; that “is entitled to the possession,” means, has shewn due title to the possession by that proof of the necessary facts, which before was required; and that “all expenses incurred,” means the expenses which had formerly been ascertained and provided for; in fine that the Act of 1812 furnishes an exposition of all that the Acts of 1839, pre-supposing a knowledge of the former Acts, has left obscure.
Confirmation of this view may be drawn from the 46th *280 sect, of the sheriff’s Act of 1839 p. 34, which contains hints and memoranda of the sheriff’s duty in relation to landlords and tenants, and to other kindred subjects, separated from the magistrate’s. There, for brevity, reference is expressly made to the Acts of 1812 and 1817, and the sheriff is empowered to execute the duties required by them. Of course those Acts were still to be of force. If the magistrates Act of 1839 has provided a remedy so essentially different from that which before existed, as the omission of the notice before required must make it, then the sheriff has no direct authority to execute the new remedy — for the directions to the sheriff and the penalties to which he is subjected for disobedience, all expressly relate to the former statutes and the remedy provided by them.
The notice required by the Act of 1812 must be given after the expiration of the lease, and it has been argued that the delay occasioned by the ten days required for it, and the four more which must elapse before a trial, would subject landlords to injury from obstinate tenants holding over, especially serious in cases of short leases ; and that the consideration of this inconvenience must have induced the Legislature to dispense with the notice. But it should be remembered that the remedy introduced by the Act of 1812 is itself extremely summary and unexpensive compared with the resort to which landlords were before driven; that landlords still have the action of trespass and the right to double rent in cases of tenants holding over; and that the condition of explicit notice to quit, running for ten days, is not an unreasonable requistion, before a landlord shall' adopt a remedy unknown to the common law, and sometimes subject to abuse in the hands of the inferior tribunal, which administers it without appeal.